IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA C., ) | |
| ) | No. 19-cv-03951 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia C. appeals the Social Security Administration Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On January 14, 2016, plaintiff applied for benefits, alleging a disability onset date of March 13, 2013. (R. 13.) Her application was denied initially on April 18, 2016, and upon reconsideration on September 6, 2016. (*Id.*) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on January 10, 2018. (*Id.*) On May 3, 2018, the ALJ issued an unfavorable decision finding Plaintiff not disabled. (R. 13–21.) The Appeals Council declined to review the decision (R. 1–6), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992)

1

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While generous, this standard "is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since March 13, 2013, the alleged onset date. (R. 15.) At step two, the ALJ found that plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine and status post January 2017 microdiscectomy." (*Id.*) At step three, the ALJ found that plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity"

of one of the listed impairments. (R. 16.) This finding led the ALJ to conclude at step four that plaintiff has the residual functional capacity to "perform sedentary work" with certain exceptions. (*Id.*) At step five, the ALJ determined that plaintiff is "capable of performing past relevant work as an Administrative Assistant." (R. 20.) Accordingly, the ALJ concluded that plaintiff was not disabled under the Social Security Act. (R. 20-21.)

Plaintiff first argues that the ALJ erred in his RFC assessment by failing to account for all of her physical impairments, including her hypertension and diabetes. In particular, plaintiff contends that the ALJ erred when he determined at Step 2 that her hypertension and diabetes were non-severe impairments. Plaintiff further contends that the ALJ committed reversible error when he failed to consider any limitations from these impairments (alone or in combination).

In rendering an RFC assessment, an ALJ must "consider all functional limitations and restrictions that stem from medically determinable impairments, including those that are not severe." *Outlaw v. Astrue*, 412 Fed. App'x 894, 897 (7th Cir. 2011). While an ALJ "need not discuss every piece of evidence," he must "logically connect the evidence" to the conclusions reached. *Id.* The ALJ's RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Here, the ALJ found plaintiff's history of breast cancer with lumpectomy, hypertension, and diabetes, alone or in combination, to be non-severe because "they reasonably would not be expected to cause twelve continuous months of severe impairment or more than a slight functional impact upon the capacity to perform work." (R. 15-16.) The ALJ further determined that "[t]his conclusion is not inconsistent with the probability that for brief and discrete intervals, the claimant

3

was intensely symptomatic and may have required critical care." (R. 16.) When considering plaintiff's RFC, the ALJ noted that plaintiff's hypertension and diabetes had no documented end organ complications. (R. 17.)

This Court has some concerns about these findings. First, the ALJ found that plaintiff's hypertension and diabetes, alone or in combination, would not reasonably be expected to cause "more than a slight functional impact." (R. 15-16.) In making this determination, the ALJ incorrectly cited SSR 02-1P, which addresses the evaluation of obesity in disability claims, rather than SSR 85-28, which addresses when a medical impairment is deemed non-severe.[1] Each Rule applies a different standard.[2] The ALJ's finding – that these impairments would not reasonably be expected to cause more than a slight functional impact – may suggest that the ALJ considered the proper standard and that his citation to SSR 02-1P, rather than SSR 85-28, was a drafting error. However, without further explanation as to this finding, the Court is not confident in the ALJ's assessment of plaintiff's hypertension and diabetes. Likewise, at Stage 4, the ALJ's finding that plaintiff's hypertension and diabetes had "no documented end organ complications" is wanting for more; the finding does not explain if or how these impairments fit into plaintiff's RFC. The fact that certain medical conditions "standing alone [are] not disabling is not grounds for the ALJ to ignore them entirely – it is their impact in combination with [the claimant's] other impairments that may be critical to [the] claim." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2104). Here, the ALJ noted the existence of these underlying medical conditions but did not explain in a meaningful

---

[1] The record shows that plaintiff is not obese and that she is not claiming obesity as a disability. (R. 17) (claimant has a normal to very near normal BMI).
[2] SSR 02-1P provides that obesity is considered a severe impairment when, alone or in combination with another medically determinable impairment, it *significantly limits* an individual's ability to perform basic work activities. SSR 02-1P (emphasis added). *See* SSR 85-28, on the other hand, provides that an impairment (or combination of impairments) is not severe when medical evidence establishes only a slight abnormality (or combination of slight abnormalities) that have no more than a *minimal effect* on an individual's ability to perform basic work activities. *See* SSR 85-28 (emphasis added).

4

way how these conditions factored into the ultimate RFC determination made. *See also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (an ALJ must consider the "aggregate effect of [the] entire constellation of ailments – including those impairments that in isolation are not severe" in assessing an RFC).

Likewise, the Court is not confident that the ALJ built a logical bridge when determining plaintiff's RFC. The ALJ determined that plaintiff has the following RFC:

> [T]o perform sedentary work . . . except she can stand/walk 4 hours in an 8 hour workday; sit 6 hours in an eight hour workday; stoop, crouch, crawl, kneel and balance only occasionally; and only occasionally climb ramps and stairs. She must avoid ladders, ropes or scaffolds and unprotected heights, heavy equipment, operating machinery or hazards.

(R. 16.) While the ALJ summarized the medical evidence, he did not specifically identify which evidence supports each of these limitations. (*See* R. 16-20.) Absent this information, the Court cannot determine whether the RFC is supported by substantial evidence. *See Briscoe ex. rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) ("In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

Finally, the Court agrees with plaintiff that the ALJ improperly rejected her spouse's testimony. The ALJ assigned "minimal weight" to plaintiff's husband's statement because plaintiff's husband "is not trained to make exacting medical observations, and additionally, by virtue of his relationship, his statements cannot be considered those of a disinterested third party witness." (R. 19.) The ALJ continued, "[l]ike the [plaintiff's] allegations, [plaintiff's husband's] observations are not consistent with the preponderance of the opinions and medical evidence of record." (*Id*.) Although an ALJ may question the reliability of third-party statements, rejecting a statement because a family member lacks medical training is improper. SSR 16-3p expressly

5

contemplates that an ALJ consider opinions of non-medical sources. *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016) ("Other sources may provide information . . . including non-medical sources such as family and friends . . . "). It would therefore be illogical for a family member's lack of medical training to bar consideration of their third-party statement. *See, e.g., Dorian W. v. Berryhill*, No. 17-cv-50327, 2019 WL 1572560, at *4 (N.D. Ill. Apr. 11, 2019) (finding the ALJ erred by rejecting a third-party statement because the individual was not "an acceptable medical source.") Moreover, the Seventh Circuit, has cautioned against reducing the weight of familial third-party reports merely because the possibility for bias exists. *See, e.g., Garcia v. Colvin*, 741 F.3d 758, 761 (7th Cir. 2013). Indeed, the rules expressly contemplate the inclusion of familiar reports as non-medical evidence. *See* SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). Further, the fact that plaintiff's husband's statement echoes many of plaintiff's allegations is not a reason to disregard it; it is a reason to find that plaintiff's allegations are corroborated by a family member. Plaintiff's husband's account sheds light on plaintiff's pain and her limited ability to walk, sit, or stand. This error, combined with the ALJ's other errors, discussed *supra*, warrant remand.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**   **ENTERED: January 14, 2021**

**M. David Weisman**
**United States Magistrate Judge**